IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA MCKENNA, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HEALTHEASE, INC., et al., | : | No. 10-3940 |
|     Defendants. | : | |

<u>**MEMORANDUM**</u>

**Schiller, J.**                                                                                              **January 15, 2013**

      Lisa McKenna filed a lawsuit against Healthease, Inc., Lockheed Martin Corporation ("Lockheed"), Eric Mamon, and Armand Tecco, alleging gender and age discrimination. Defendants Lockheed, Healthease, and Tecco filed motions to dismiss, contending that McKenna lacks standing to bring her claims because of her Chapter 7 bankruptcy filing. The Court agrees that McKenna lacks standing but will afford her an opportunity to proceed with her case if she corrects the defect.

**I.**      **BACKGROUND**

      McKenna worked for Healthease but was assigned to work exclusively for Lockheed at Lockheed's facilities as a fitness instructor. (Am. Compl. ¶ 8.) Tecco is Healthease's owner and Mamon is its regional director. (*Id.* ¶ 28.) McKenna worked at Lockheed's facilities from September 26, 2008 until January 29, 2009. (*Id.* ¶ 26.) McKenna claims that she was promised that she could set her own schedule and that she would be able to double her base salary of $25,000 through personal training and teaching classes. (*Id.* ¶¶ 28-30.) In reality, Lockheed told her that any personal training and teaching would have to be on her own time and that she could not charge money for the classes. (*Id.* ¶¶ 34, 38.) McKenna, who is fifty-two years old, was fired and replaced by a thirty-year

old male. (*Id.* ¶¶ 50-51.) McKenna claims that she was fired because of her gender and age, in violation of Title VII and the Age Discrimination in Employment Act, respectively.

Lockheed filed a motion to dismiss, arguing that it did not employ McKenna. The parties dispute whether Lockheed can be considered a joint employer of McKenna along with Healthease. The Court denied Lockheed's motion to dismiss, leaving the question of McKenna's status for after the parties conducted discovery. Discovery commenced and Lockheed learned that on or about July 10, 2009, McKenna filed for Chapter 7 bankruptcy protection. (*See* Lockheed's Mot. to Dismiss Ex. 1 [McKenna Bankr. Pet.].) Her bankruptcy filing occurred approximately three months after she filed her charge of discrimination with the Equal Employment Opportunity Commission and approximately one year before she filed her Complaint in federal court on June 28, 2010. The bankruptcy petition does not list her discrimination charge against Defendants.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a complaint for lack of standing. *Kaymak v. AAA Mid-Atl., Inc.*, Civ. A. No. 10-6532, 2012 WL 3887040, at *2 (E.D. Pa. Sept. 7, 2012). When considering a motion to dismiss under Rule 12(b)(1), a district court must distinguish between facial and factual challenges to its subject matter jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction, . . . [whereas] a 'factual' attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (citing *Mortensen*, 549 F.2d at 891). In reviewing a facial attack, "the court must only consider the allegations of the complaint and

documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). If the attack is factual, however, the court is not confined to the allegations in the complaint and "can look beyond the pleadings to decide factual matters relating to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000) (citation omitted). Furthermore, with a factual challenge, such as the challenge presented in this case, the plaintiff bears the burden of proving that jurisdiction does, in fact, exist. *See Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000).

**III. DISCUSSION**

Notwithstanding the merits of McKenna's discrimination claims, she has a problem. She lacks standing. Filing for Chapter 7 bankruptcy protection creates an estate, which "includes all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541 (a)(1). The estate includes a cause of action existing at the time the bankruptcy petition is filed, including employment discrimination claims. *See Schafer v. Decision One Mortg. Corp.*, Civ. A. No. 08-5653, 2009 WL 1532048, at *2 (E.D. Pa. May 29, 2009); *Cain v. Hyatt*, 101 B.R. 440, 441-42 (E.D. Pa. 1989) ("Courts have uniformly held that the broad scope of § 541 encompasses causes of action existing at the time of the bankruptcy action."); *see also Saellam v. Norfolk S. Corp.*, Civ. A. No. 06-123, 2007 WL 1653737, at *3 (W.D. Pa. June 6, 2007).

A trustee is appointed when the debtor files a bankruptcy petition. 11 U.S.C. § 701. The trustee is the representative of the estate and can sue and be sued in that capacity. 11 U.S.C. § 323(a) – (b). Once the trustee is appointed, the debtor loses standing to pursue a legal claim in existence at the time of the Chapter 7 petition because the trustee is vested with the authority to pursue such

claims. *Schafer*, 2009 WL 1532048, at *4; *Cain*, 101 B.R. at 442. This applies to Title VII actions. *See Cain*, 101 B.R. at 442 (citing *In re Carson*, 82 B.R. 847, 851 (Bankr. S.D. Ohio 1989)).

For a debtor to regain standing to pursue his or her legal cause of action, the trustee must abandon the cause of action. *See Saellam*, 2007 WL 1653737, at *3. The trustee may abandon property of the estate that "is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The bankruptcy court may also order the trustee to abandon property of the estate. 11 U.S.C. § 554(b). If a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, "it forever remains property of the estate, and the trustee remains the real party in interest." *Matthews v. Potter*, 316 F. App'x 518, 521 (7th Cir. 2009); *see also Schafer*, 2009 WL 1532048, at *4 ("If a debtor fails to exempt or schedule a claim, and the trustee does not abandon the claim, the claim remains the property of the estate.").

McKenna's employment discrimination claims against Defendants appear nowhere in her Chapter 7 bankruptcy petition, though it accrued prior to her filing for bankruptcy protection. She was employed with Healthease and worked at Lockheed from the end of September 2008 until the end of January 2009. She filed a charge of discrimination on April 27, 2009. (Am. Compl. ¶ 22(a).) Her voluntary Chapter 7 petition was filed after she filed the charge of discrimination. As the claim was not disclosed, it went unaddressed in the bankruptcy proceeding, and it therefore remains property of the bankruptcy estate. *See Anderson v. Acme Mkts.*, 287 B.R. 624, 629 (E.D. Pa. 2002).

The question for this Court, however, is what to do about the fact that McKenna lacks standing to bring this claim in her own right. McKenna contends that, assuming she lacks standing, the Court should not dismiss her case but rather should allow her time to substitute the bankruptcy trustee as the party in interest. On December 5, 2012, Plaintiff's counsel wrote to the Court and

4

represented that the bankruptcy trustee "will be going forward with the prosecution of this case . . . just as soon as permission can be granted from the Bankruptcy Court in California." As a result, Plaintiff's counsel requested that the Court wait to decide the motion to dismiss until the bankruptcy trustee properly became involved in the litigation.

Because outright dismissal of her case would be a harsh sanction, the Court will afford McKenna the opportunity to reopen the bankruptcy proceedings to substitute the bankruptcy trustee as the plaintiff here or have the bankruptcy trustee abandon the action. *See Saellam*, 2007 WL 1653737, at *4 (providing time to bankruptcy trustee to decide whether he wished to be substituted as party-plaintiff in discrimination case); *see also Castillo v. Coca-Cola Bottling Co.*, Civ. A. No. 06-183, 2006 WL 1410045, at *4 (E.D. Pa. May 26, 2006). If the bankruptcy trustee is not substituted for McKenna here, she will only be allowed to proceed with her claims for injunctive relief. *See Matthews*, 316 F. App'x at 523-24 (permitting claim for injunctive relief of reinstatement in discrimination case to proceed because such claims were "of no value to her bankruptcy estate"). McKenna would not, however, be allowed to proceed with her claims for front pay or back pay. *See Paul v. Coca-Cola Enters.*, Civ. A. No. 06-796, 2007 WL 1451663, at *2 (W.D. Pa. May 15, 2007) ("The well-reasoned case law addressing the issue likewise holds that claims for lost post-petition earnings, including front pay and back pay, are part of the bankruptcy estate and do not fall within the earnings exemption.").

The Court issues this Memorandum and Order at this time to move this litigation along. This case was filed in June 2010. It is well over two years old and the proper plaintiff still remains on the sideline. Since the December 5, 2012 letter to this Court, not a word has been uttered regarding any progress on this matter, despite an assurance in that correspondence that "[a] letter from the trustee

directly to Your Honor will be forthcoming shortly." The Court will provide McKenna with some additional time to proceed with her claims but it is unfair to Defendants to let this matter languish. The ball is in Plaintiff's court to move this case along.

If, ultimately, McKenna proceeds with her case, the Court will grant Defendants' requests and allow them the opportunity to add to their Answers the affirmative defense of judicial estoppel based on McKenna's failure to include her claim against Defendants on her bankruptcy petition. While the Court cannot yet make a determination of whether to apply judicial estoppel, Defendants should be able to raise the issue at a later date, if necessary.

**IV.   CONCLUSION**

Because McKenna lacks standing, she cannot bring this litigation in her own name. The Court, however, will not dismiss her case at this time to allow McKenna to try to substitute the bankruptcy trustee as plaintiff here. An Order consistent with this Memorandum will be docketed separately.